NOT FOR PUBLICATION                                        (Doc. Nos. 10, 13, 26)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                                         :
FENZA'S AUTO, INC., individually and    :
as the representative of a class of similarly-  :
situated persons,                                       :
                                                         :                    Civil No. 10-3336 (RBK/JS)
                 Plaintiff,                             :
                                                         :                         **OPINION**
          v.                                             :
                                                         :
MONTAGNARO'S, INC., ALBIN             :
MONTAGNARO, and ANTHONY          :
MONTAGNARO,                                     :
                                                         :
                 Defendants.                        :
_____      :

**KUGLER**, United States District Judge:

        This matter concerns Plaintiff's receipt of a restaurant menu via facsimile from

Defendants' pizzeria.  Plaintiff claims that the menu was an unauthorized solicitation in violation

of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Plaintiff asserts claims

for conversion and violation of the TCPA on behalf of himself and a putative class of plaintiffs

who allegedly received unauthorized facsimile solicitations from Defendants.  This matter comes

before the Court pursuant to Defendants' motion to dismiss the Complaint for failure to state a

claim (Doc. No. 10), Plaintiff's motion to remand the matter back to the Superior Court of New

Jersey for lack of subject-matter jurisdiction (Doc. No. 13), and Plaintiff's motion for leave to

file supplemental briefing in support of its motion to remand (Doc. No. 26).  For the reasons

discussed below, the Court grants Plaintiff's motions and remands the matter to state court for

lack of subject-matter jurisdiction.  The Court denies Defendants' motion to dismiss as moot.

1

## I.     BACKGROUND

### A.  The Statutory Framework

"Enacted in 1991 as part of the Federal Communications Act, the TCPA seeks to deal with an increasingly common nuisance – telemarketing." <u>Erienet, Inc. v. Velocity Net</u>, 156 F.3d 513, 514 (3d Cir. 1998). The TCPA prohibits "various uses of automatic telephone dialing systems, the initiation of certain telephone calls using artificial or prerecorded voices, and the use of any device to send an unsolicited advertisement to a telephone facsimile machine." <u>Id.</u> at 514 (citing 47 U.S.C. § 227(b)). The TCPA authorizes states to bring civil actions in federal court on behalf of their residents for violations of the TCPA. <u>See</u> 47 U.S.C. § 227(f). The statute also creates the following private right of action:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
>     (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>     (B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or
>     (C) both such actions.

47 U.S.C. § 227(b)(3). The TCPA makes no provision for private claims in federal court. The ban on unsolicited facsimile advertisements does not apply if: (1) the sender has an "established business relationship" with the recipient, 47 U.S.C. § 227(b)(1)(C)(i); (2) the sender obtained the recipient's facsimile number from "a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution," 47 U.S.C. § 227(b)(1)(C)(ii); or (3) the advertisement contains a disclosure statement that provides, among other things, a telephone number and facsimile number that the recipient can contact to unsubscribe from any future distributions, 47 U.S.C. § 227(b)(1)(C)(iii). The TCPA also

provides that "[i]f the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times" the statutory amount of $500 per violation.  47 U.S.C. § 227(c)(5).

**B.  Factual and Procedural Background**

On February 9, 2007, Plaintiff, a Pennsylvania corporation, received a facsimile from Defendants.  The facsimile contained a menu of food items served by Defendants at their restaurants.  It included prices, coupons, contact information for Defendants' five locations, and "Three Easy Steps" to placing an order with Defendants.  (Compl. Ex. A).  The facsimile also contained the following disclaimer:  "If you received this fax in error and would like to be removed from our database, call toll free 1-800. . . ."  (Id.).  Plaintiff alleges that it did not "invite" or authorize Defendants to send it advertisements via facsimile.  (Compl. ¶ 11).  Plaintiff further claims that "Defendants faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation." (Compl. ¶ 14).  According to Plaintiffs, by sending facsimiles to recipients without authorization, Defendants damaged the recipients by wasting paper, toner, and time spent by employees sorting and discarding unauthorized facsimiles.

Plaintiff filed its Complaint in the Superior Court of New Jersey.  It asserts both individual and class action claims for violations of the TCPA and common law conversion. Plaintiff alleges that Defendants use bulk facsimile transmissions as a means of marketing their food and services without first obtaining permission from the recipients to send the facsimiles. Plaintiff defines the putative class for the TCPA claim as:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material

> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendants, (3) with respect to whom
> Defendants did not have prior express permission or invitation for
> the sending of such faxes, and (4) with whom Defendants did not
> have an established business relationship.

(Compl. ¶ 17).  Plaintiff alleges the same putative class for its common law conversion claim

except that it includes persons who received facsimile messages "on or before six years prior to

filing of this action."  (Compl. ¶ 31).  Plaintiff seeks $500 in statutory damages per unauthorized

transmission under the TCPA, compensatory damages for the conversion claim, and an

injunction prohibiting Defendants from engaging in further TCPA violations.  Plaintiff also

requests that the Court treble the statutory damages if Defendants knowingly violated the TCPA.

The Complaint includes the following allegation regarding federal jurisdiction:  "Federal

jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs'

individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.

Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all

forms of damages and fees."  (Compl. ¶ 7).

On June 30, 2010, Defendants removed the case to this Court.  The Notice of Removal

states that the Court has federal-question jurisdiction under 42 U.S.C. § 1331 because Plaintiff

asserts a claim under federal law.  The Notice of Removal makes no mention of diversity

jurisdiction under 42 U.S.C. § 1332.  The Notice of Removal states that Defendants were served

with and received a copy of the Complaint "no earlier than May 31, 2010."  (Notice of Removal

¶ 4).  Thus, Defendants assert that removal on the basis of federal-question jurisdiction was

timely because they removed the case within thirty days of receiving copies of the Summons and

Complaint.  See 28 U.S.C. § 1446(b) (requiring removal within thirty days).

On August 2, 2010, Defendants moved to dismiss the Complaint (Doc. No. 10). Defendants argue that Plaintiff fails to state a claim for relief under the TCPA and fails to state a claim for common law conversion.  Defendants also argue that Plaintiff does not allege facts sufficient to satisfy Federal Rule of Civil Procedure 23's requirements for class certification.

On August 23, 2010, Plaintiff opposed Defendants' motion to dismiss and made a motion to remand the matter to state court for lack of subject-matter jurisdiction (Doc. No. 13).  Plaintiff argues that this Court lacks jurisdiction because the Third Circuit has held that private claims under the TCPA do not give rise to federal-question jurisdiction under 28 U.S.C. § 1331.  See Erienet, Inc., 156 F.3d at 519 ("We conclude that because the TCPA reflects Congress' intent to authorize consumer suits in state courts only . . . [plaintiffs] cannot rely on the general federal question jurisdiction of § 1331").

On September 16, 2010, more than two months after filing their initial Notice of Removal and more than three months after receiving the Complaint, Defendants filed a "Supplemental Notice of Removal" (Doc. No. 17).  The Supplemental Notice of Removal asserts, for the first time, diversity jurisdiction under the Class Action Fairness Act ("CAFA"), which grants jurisdiction when any member of a class is diverse from any defendant, the class includes 100 or more members, and the aggregate amount in controversy is more than $5,000,000.00.  See 28 U.S.C. § 1332(d).

The Supplemental Notice of Removal claims that on August 19, 2010, after Defendants filed their first Notice of Removal and after they moved to dismiss the Complaint, Plaintiff "dramatically escalated" the "number of claimants and amount of damages."   (Supp. Notice of Removal ¶ 11).  According to Defendants, on August 19, 2010, Plaintiff's counsel sent Defendants' counsel two emails asserting that Defendants had authorized a vendor to send the

same facsimile received by Plaintiff to 5,000 recipients and that 3,372 of those transmissions were successful. Defendants assert that this transformed Plaintiff's class action from a relatively small class claim involving "39 or more" members into a significant claim involving 3,372 members and possibly $5,058,000.00 in statutory damages ($500.00 per statutory violation, trebled for knowing violations, and multiplied by 3,372 class members). Thus, Defendants claim that even if the Court does not have federal-question jurisdiction over Plaintiff's TCPA claim, it has diversity jurisdiction under 28 U.S.C. § 1332(d).

Plaintiff subsequently made a motion to submit a supplemental brief in support of its motion to remand. Plaintiff's proposed supplemental brief addresses Defendants' new assertion of diversity jurisdiction. Plaintiff argues that Defendants' assertion of diversity jurisdiction is untimely. Alternatively, Plaintiff argues that the "home state" exception to diversity jurisdiction under the CAFA applies in this case. The "home state" exception provides that a district court may decline jurisdiction over a class action if the primary defendants and two-thirds of the plaintiffs are citizens of the same state. See 28 U.S.C. § 1332(d)(4).

Defendants opposed Plaintiff's motion to submit supplemental briefing and also addressed the substance of Plaintiff's supplemental arguments in support of remand. Defendants argue that their Supplemental Notice of Removal was timely because they did not learn of the factual basis for diversity jurisdiction until they received the email from Plaintiff's counsel on August 19, 2010. Defendants also argue that the "home state" exception does not apply because Plaintiff has not presented evidence sufficient to prove that two-thirds of the class members are citizens of New Jersey.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff

may challenge removal by moving to remand the case back to state court for, among other things, lack of subject-matter jurisdiction.  See 28 U.S.C. § 1447(c).  To defeat a plaintiff's motion to remand for lack of subject-matter jurisdiction, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case.  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1995) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)).  Generally, where the decision to remand is a close one, district courts are encouraged to favor remand.  See Abels, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

Because the lack of jurisdiction itself precludes the court from asserting judicial power, a court may take no further action in a matter once it determines that it lacks jurisdiction.  See First Am. Nat'l Bank v. Straight Creek Processing Co., 756 F. Supp. 945, 946 (E.D. Va. 1991) (where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction).  Stated simply, if jurisdiction is lacking, the court must dismiss the action.  Trent Realty Assocs. v. First Federal Sav. & Loan Ass'n, 657 F.2d 29, 36 (3d Cir. 1981); TM Marketing, Inc. v. Art & Antiques Assoc., L.P., 803 F. Supp. 994, 997 (D.N.J. 1992); Carney v. Dexter Shoe Co., 701 F. Supp. 1093, 1100 (D.N.J. 1988).

## III.   DISCUSSION

### A.  Plaintiff's Motion for Leave to File Supplemental Briefing

As a threshold matter, the Court must decide Plaintiff's motion to submit supplemental briefing regarding its motion to remand.  Local Civil Rule 7.1(d) generally prohibits parties from filing supplemental briefing without leave of the court.  See Colmer v. ICCS Co., LLC, No. 08-

2737, 2009 U.S. Dist. LEXIS 66601, at *4-6 (D.N.J. July 29, 2009).  However, the court has

broad discretion to consider supplemental briefing as appropriate and fair.  See Raube v. X-L

Specialized Trailers, Inc., No. 06-4628, 2008 U.S. Dist. LEXIS 30130, at *17-18 n.6 (D.N.J.

Apr. 10, 2008).  Supplemental briefing may be appropriate if the briefs concern new arguments

and issues not addressed by the primary briefs.  See id. ("Although it is within the Court's

discretion to disregard impermissibly filed sur-replies, we allow it in this instance because

plaintiff is attempting to address arguments raised in defendant's reply") (internal citation

omitted).

       The Court grants Plaintiff's motion.  Plaintiff's proposed supplemental brief is addressed

to Defendants' Supplemental Notice of Removal.  Defendants filed the Supplemental Notice of

Removal after Plaintiff's motion to remand was fully briefed.  The Supplemental Notice of

Removal includes an entirely new legal basis for the Court's subject-matter jurisdiction.  Thus,

Plaintiff did not have the opportunity to address that basis for jurisdiction in its initial motion for

remand.  See id. (accepting supplemental briefing because party did not have fair opportunity to

address opponent's arguments in primary briefs); Cottrell v. Zagami LLC, No. 08-3340, 2010

U.S. Dist. LEXIS 6337, at *4-5 (D.N.J. June 23, 2010) (finding that court has discretion to

accept supplemental briefing).  Moreover, Defendants responded to the substantive arguments

contained in Plaintiff's proposed supplemental brief, and Plaintiff filed a substantive reply.

Thus, all parties received a fair and equal opportunity to address the substantive and procedural

issues raised by Defendants' Supplemental Notice of Removal.  The Court will therefore

consider the parties' supplemental briefing.

### B. Federal-Question Jurisdiction

Defendants assert in their initial Notice of Removal that federal-question jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff asserts a claim under the TCPA, which is a federal statute.  Plaintiff counters that this Court does not have jurisdiction to hear its TCPA claim because the Third Circuit held in ErieNet that "TCPA claims may not be brought in federal court pursuant to . . . federal question jurisdiction." Nicholas v. CMRE Fin. Servs., No. 08-4857, 2009 U.S. Dist. LEXIS 49105, at *8-10 (D.N.J. June 9, 2009) (citing ErieNet, Inc., 156 F.3d at 519).  Defendants respond that the Supreme Court's intervening holdings in Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003), and Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005), undermine the Third Circuit's holding in ErieNet.  Defendants highlight that the Seventh Circuit in Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 450 (7th Cir. 2005), held that ErieNet "cannot be reconciled with either" Breuer or Grable.

In ErieNet, the plaintiff alleged that the defendant sent unauthorized email messages in violation of the TCPA.  ErieNet, Inc., 156 F.3d at 514.  The plaintiff brought the action in federal court, and the district court dismissed the action for lack of subject-matter jurisdiction under Rule 12(h)(3).  Id.  On appeal, the Third Circuit considered whether "federal district courts have jurisdiction over consumer lawsuits brought under a federal statute that creates a private cause of action, is silent as to whether such actions can be brought in federal courts, but expressly refers consumer claims to state court."  Id.  The Court examined the TCPA's text and legislative history and concluded that the "most natural reading" of the TCPA "is that Congress intended to authorize private causes of action only in state courts, and to withhold federal jurisdiction."  Id. at 517.  In support of its conclusion, the Court found:

> [The TCPA] creates a private cause of action.  It is not silent as to
> where such actions may be brought; rather, it refers potential

> plaintiffs to state courts.  Neither the text nor the legislative history makes any reference to federal courts.  Furthermore, the statute does not appear to reflect any significant federal interest, or one that is uniquely federal.  It does not reflect an attempt by Congress to occupy this field of interstate communication or to promote national uniformity of regulation.  Rather, Congress recognized that state regulation of telemarketing activity was ineffective because it could be avoided by interstate operations.

Id. at 515.

In reaching its conclusion, the Third Circuit rejected the argument that TCPA claims fall under 28 U.S.C. § 1331's general grant of federal jurisdiction over all matters "arising under federal law."  Id. at 518.  The Court held that "although § 1331 functions as a general grant of jurisdiction to district courts of cases in which the cause of action was created by federal law, 'it does not mean that jurisdiction is not precluded by another statute or doctrine of judicial administration.'"  Id. (quoting First Jersey Sec., Inc. v. Bergen, 605 F.2d 690, 694 (3d Cir. 1979)).  The Court concluded that because the TCPA unequivocally refers plaintiffs to state rather than federal court, "by virtue of such a specific . . . assignment, Congress negates district court jurisdiction under § 1331."[1]  Id. at 519.

Defendants nevertheless argue that this Court is not bound by ErieNet because the Supreme Court's intervening opinions in Grable and Breuer "undermine" the Third Circuit's reasoning in ErieNet.  In Grable, the Supreme Court considered whether a defendant could remove a case to federal court under 28 U.S.C. § 1441(a) even though the matter did not involve a federal cause of action but the underlying state law cause of action implicated federal law.  545 U.S. at 310-12.  The Court held that a federal cause of action is unnecessary for federal-question

---

[1] District courts in this Circuit have held that plaintiffs may bring TCPA claims in federal court based on diversity jurisdiction notwithstanding ErieNet.  See, e.g., Cellco P'ship v. Dealers Warranty, LLC, No. 09-1814 , 2010 U.S. Dist. LEXIS 106719, at *18-19 (D.N.J. Oct. 4, 2010).  However, as discussed below, Defendants did not timely assert diversity jurisdiction.  Thus, the Court need not address whether the Third Circuit's holding in ErieNet precludes a plaintiff from bringing a TCPA claim in federal court predicated on diversity jurisdiction under 28 U.S.C. § 1332.

jurisdiction under § 1331 and that "embedded" questions of federal law can be sufficient to invoke jurisdiction in cases that are removalable pursuant to 28 U.S.C. § 1441(a). <u>Id.</u> at 310, 313-14.

In <u>Breuer</u>, the plaintiff filed a claim in state court under the Fair Labor Standards Act ("FLSA").  538 U.S. at 693.  The defendant removed the case to federal court pursuant to 28 U.S.C. § 1441(a).  <u>Id.</u> at 693-94.  On appeal, the Supreme Court considered whether the FLSA provision stating that claims "may be maintained . . . in any Federal or State court of competent jurisdiction" bars removal of a state court FLSA action to federal court.  <u>Id.</u> at 693. Significantly, the Court stated that the district court's subject-matter jurisdiction over the plaintiff's FLSA claim was not at issue.  <u>Id.</u> at 694.  The Court stated that "[t]here is no question that Breuer could have begun this action in the District Court."  <u>Id.</u>  Thus, the narrow issue before the Court was whether the FLSA bars removal under § 1441(a) even though the district court had subject-matter jurisdiction over the dispute.  <u>Id.</u> at 693-94.  The Court found that removal of matters arising under federal law pursuant to 28 U.S.C. § 1441(a) is prohibited "only if Congress expressly provided as much."  <u>Id.</u> at 694.  The Court concluded that the phrase "may be maintained . . . in any Federal or State court" did not amount to an express bar to removal from state to federal court under § 1441(a).  <u>Id.</u> at 694-96.

In <u>Brill</u>, the plaintiff filed a class action in state court asserting claims under the TCPA. 427 F.3d at 447.  The defendant removed to federal court pursuant to § 1441(a) based on diversity jurisdiction.  <u>Id.</u>  The district court remanded the case because it found that the TCPA grants exclusive jurisdiction to state courts, and, therefore, a defendant can never remove a TCPA action to federal court under § 1441(a).  <u>Id.</u>  The Seventh Circuit reversed.  The Seventh Circuit determined, without discussion, that <u>Breuer</u>'s holding applies equally to both statutory

bars to removal under § 1441 as well as limitations on federal subject-matter jurisdiction under §

1331 and § 1332.  Id. at 451.  The Seventh Circuit reasoned that because the statutory language

at issue in Breuer was similar to the TCPA's language, Breuer requires the conclusion that

neither the FLSA nor the TCPA prohibit removal or limit federal jurisdiction.[2]  Id.

    In reaching its holding, the Seventh Circuit also analyzed the impact of the Supreme

Court's rulings in Grable and Breuer on opinions by other Circuits holding that there is no

federal-question jurisdiction over private TCPA claims.  Id. at 450.  The Seventh Circuit found

that the cases denying federal-question jurisdiction under the TCPA, including the Third

Circuit's ruling in ErieNet, "can not be reconciled with either" Grable or Breuer.  Id. at 450.

That criticism was based on the Seventh Circuit's assertion that, although Breuer addressed only

bars to removal under § 1441(a), its holding necessarily applies to limitations on federal subject-

matter jurisdiction under § 1331 and § 1332 .  Id. at 450.

    In addressing these issues, it is appropriate to begin with the obvious.  This Court is

bound by precedent from the Third Circuit.  See Vujosevic v. Rafferty, 844 F.2d 1023, 1030 n.4

(3d Cir. 1988) ("It is, of course, patent that a district court does not have the discretion to

disregard controlling precedent simply because it disagrees with the reasoning behind such

precedent.").  When subsequent Supreme Court decisions implicate Third Circuit precedent, a

district court may set aside Third Circuit precedent only if the Supreme Court has effectively

overruled that precedent, Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 319 (M.D. Pa. 2004),

---

[2] The Seventh Circuit also concluded that the TCPA's language itself supports the conclusion that 47 U.S.C. § 227(b)(3) does not foreclose federal jurisdiction.  See Brill, 427 F.3d at 451.  The Court observed that 47 U.S.C. § 227(f), which authorizes states to bring enforcement actions under the TCPA, provides that federal courts shall have "exclusive jurisdiction over all civil actions brought under this subsection."  Id. (quoting 47 U.S.C. § 227(f)(2)).  The Court concluded:  "But then § 227(f)(2) is explicit about exclusivity, while § 227(b)(3) is not; the natural inference is that the state forum mentioned in § 227(b)(3) is optional rather than mandatory."  Id. at 451.  In ErieNet, the Third Circuit presumably rejected this "intratextual" argument because it concluded that the text of the TCPA requires the conclusion that § 227(b)(3) is an exclusive grant of jurisdiction to state courts.  See ErieNet, 156 F.3d at 517.  Thus, it is not necessary for the Court to address the merits of the Seventh Circuit's argument because it is based on the TCPA's language and not the Supreme Court's holdings in Grable or Breuer.

or has rendered a decision that is necessarily inconsistent with Third Circuit authority, <u>Finch v. Hercules, Inc.</u>, 865 F. Supp. 1104, 1121 (D. Del. 1994).  Although <u>Breuer</u> is certainly relevant to the issue decided by the Third Circuit in <u>ErieNet</u>, the Court finds that <u>Breuer</u> is not necessarily inconsistent with the Third Circuit's reasoning or holding, and, therefore, the Court remains bound by <u>ErieNet</u>.

First, in criticizing <u>ErieNet</u>, the Seventh Circuit overlooks that <u>ErieNet</u> did not involve removal under § 1441(a).  <u>ErieNet</u> concerned a case originally filed in the district court.  156 F.3d at 514.  The issue was whether there is federal-question jurisdiction over TCPA claims.  <u>Id.</u> <u>ErieNet</u> did not address whether the TCPA imposes an express bar to removal under § 1441(a). <u>Breuer</u>, on the other hand, addressed <u>only</u> whether the FLSA bars removal of an action over which the district court otherwise has subject-matter jurisdiction.  538 U.S. at 694.  Thus, <u>Breuer</u> did not "effectively overrule" <u>ErieNet</u> because the two cases address separate issues.[3]  Indeed, the Eleventh Circuit, which joins the Third Circuit on this issue, has declined to abandon its interpretation of the TCPA notwithstanding <u>Breuer</u>, <u>Grable</u>, and <u>Brill</u>.[4]  <u>See</u> <u>Mims v. Arrow Fin. Servs., LLC</u>, No. 10-12077, 2010 U.S. App. LEXIS 24622, at *1-3 (11th Cir. Nov. 30, 2010) ("Neither of those cases [<u>Grable</u> or <u>Breuer</u>] considered the Act [the TCPA], and neither of them explicitly or implicitly overrules our precedent").

---

[3] The D.C. Circuit has applied <u>Breuer</u> by analogy to statutory jurisdictional provisions.  <u>See</u> <u>Lindsay v. Gov't Emples. Ins. Co.</u>, 448 F.3d 416, 422 (D.C. Cir. 2006) (relying on <u>Breuer</u> when interpreting 28 U.S.C. § 1367(a)'s provision that federal courts shall have supplemental jurisdiction over state law claims unless "expressly provided otherwise by federal statute").  However, in doing so, the D.C. Circuit recognized that <u>Breuer</u> was only persuasive authority regarding the interpretation of an "analogous" statutory provision.  <u>Id.</u> at 421-22.  Thus, the D.C. Circuit rightly recognizes that <u>Breuer</u>'s holding, although instructive, is not determinative regarding interpretation of differently phrased jurisdictional provisions in wholly different statutes.

[4] The Fourth Circuit has also continued to follow its pre-<u>Breuer</u> ruling that the TCPA grants exclusive jurisdiction to state courts.  <u>See</u> <u>Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.</u>, 407 F.3d 631, 634 n. 1 (4th Cir. 2005) (citing <u>Int'l Sci. & Tech. Inst., Inc. v. Inacom Communs.</u>, 106 F.3d 1146 (4th Cir. 1997)); <u>Wade v. Blue</u>, 369 F.3d 407, 411 (4th Cir. 2004) (same).  The Ninth Circuit also continues to favorably cite its pre-<u>Breuer</u> ruling that there is no federal jurisdiction over TCPA claims.  <u>See</u> <u>Townsend v. Univ. of Alaska</u>, 543 F.3d 478, 484 (9th Cir. 2008) (citing <u>Murphey v. Lanier</u>, 204 F.3d 911, 914 (9th Cir. 2000)).

Consequently, even if <u>Breuer</u> requires the conclusion that the TCPA does not bar removal of state court actions, the Court is still bound by the Third Circuit's ruling in <u>ErieNet</u> that there is no federal federal-question jurisdiction over TCPA claims.  <u>ErieNet</u> therefore requires the Court to remand this matter for lack of subject-matter jurisdiction irrespective of whether TCPA claims are removable under <u>Breuer</u> as applied to the TCPA.  <u>See</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject manner jurisdiction, the case shall be remanded").

Second, even if the Court were to apply <u>Breuer</u>'s reasoning by analogy to the issue of federal subject-matter jurisdiction under the TCPA, the language of the TCPA is dissimilar to the language of the FLSA in significant ways.  The FLSA expressly authorizes parties to bring claims in either "Federal <u>or</u> State court."  <u>See</u> 29 U.S.C. § 216(b).  In <u>Breuer</u>, the Supreme Court declined to infer from that language that the FLSA expressly prohibited removal under § 1441.  <u>See</u> <u>Breuer</u>, 538 U.S. at 695-96.  The TCPA, on the other hand, provides only that parties "may, if otherwise permitted by the laws or rules of court of a State, bring [a TCPA claim] in an appropriate court of that State."  47 U.S.C. § 227(b)(3).  The TCPA makes no provision for suits in federal court.  <u>See</u> <u>id.</u>  In <u>ErieNet</u>, the Third Circuit concluded that this singular assignment of claims to state courts demonstrates Congress' intent to foreclose federal jurisdiction under § 1331.  <u>ErieNet</u>, 156 F.3d at 517 ("We believe that the most natural reading of this language is that Congress intended to authorize private causes of action <u>only</u> in state courts, and to withhold federal jurisdiction.").

To be sure, the Supreme Court's reasoning in <u>Breuer</u> raises the question of whether a singular assignment of jurisdiction to a particular court is sufficient to constitute an express derogation of another court's jurisdiction.  <u>See</u> <u>Breuer</u>, 538 U.S. at 696 (holding that the rule

14

requiring an "express" bar to removal under § 1441 "must mean something more than any verbal hook for an argument."); ErieNet, Inc., 518-19 (listing federal statutes that assign jurisdiction to a court other than a federal district court).  However, Breuer did not decide that issue.  Breuer decided only whether a provision that permits parties to "maintain" an action in "Federal or State court" forecloses removal of a state action to federal court.  Id. at 693 (emphasis added).  In ErieNet, on the other hand, the Third Circuit held that the TCPA's singular assignment of claims to state courts limits federal jurisdiction under § 1331.  ErieNet, Inc., 156 F.3d at 519.  Although one may certainly question the strength of the Third Circuit's reasoning,[5] it is not necessarily inconsistent with Breuer, and this Court is bound by Third Circuit rulings.  See Vujosevic, 844 F.2d at 1030 n.4 ("a district court does not have the discretion to disregard controlling precedent simply because it disagrees with the reasoning behind such precedent.").

Third, Breuer held that a statute does not foreclose removal of a state court action over which the district court otherwise has subject-matter jurisdiction unless the statute does so expressly.  Breuer, 538 U.S. at 695-96.  However, the Third Circuit in ErieNet applied a similar standard when it addressed jurisdiction under the TCPA.  See ErieNet, Inc., 156 F.3d at 517-19.  The Third Circuit's holding was based on its conclusion that the TCPA includes "a specific reference or assignment" that "negates district court jurisdiction under § 1331."  Id. at 519.  According to the Third Circuit, the language and history of "the TCPA reflect[] Congress' intent to authorize consumer suits in state courts only."  Id.  In other words, the Third Circuit concluded that the TCPA's singular assignment of private claims to state court is more than a "verbal hook for an argument" because it specifically provides only state courts as the forum for TCPA claims.

---

[5] The dissent in ErieNet criticized the majority's conclusion that the TCPA includes an express derogation of federal jurisdiction.  The dissent argued that "the TCPA's permissive grant of jurisdiction to state courts does not constitute an 'explicit statutory directive' sufficient to divest district courts of their section 1331 federal question jurisdiction."  ErieNet, 156 F.3d at 522 (Alito, J., dissenting).

Id. at 517 ("for Congress' reference to state courts to have any meaning, it must reflect something other than a mere confirmation of concurrent jurisdiction over private enforcement actions."); see Breuer, 538 U.S. at 696 (stating that "'express provision' must mean something more than any verbal hook for an argument").

Fourth, this Court is not alone in its conclusion that is remains bound by ErieNet.  District courts within the Third Circuit have universally continued to follow ErieNet notwithstanding Breuer, Grable, and Brill.  See Landsman & Funk, P.C. v. Skinder-Strauss Assocs., 636 F. Supp. 2d 359, 362 (D.N.J. 2009) ("since Brill was decided, the District of New Jersey has continued to follow ErieNet precedent in finding that suits brought under the TCPA cannot be filed in or removed to federal court based on federal question jurisdiction.") (internal quotation marks omitted); see also Hawk Valley, Inc. v. Taylor, No. 10-804, 2011 U.S. Dist. LEXIS 19253, at *4-5 (E.D. Pa. Feb. 25, 2011); Cellco P'ship v. Dealers Warranty, LLC, No. 09-1814, 2010 U.S. Dist. LEXIS 106719, at *18-20 n.3 (D.N.J. Oct. 4, 2010); Goodrich Mgmt. Corp. v. Afgo Mech. Servs., No. 09-43, 2009 U.S. Dist. LEXIS 75756, at *9 (D.N.J. Aug. 24, 2009) ("Clearly, Plaintiff cannot bring a TCPA claim pursuant to federal question jurisdiction in this Court."); Bell v. Money Res. Corp., No. 08-639, 2009 U.S. Dist. LEXIS 11271, at *6-8 (E.D. Pa. Feb. 12, 2009); Margulis v. Resort Rental, LLC, No. 08-1719, 2008 U.S. Dist. LEXIS 115287, at *3 n.1 (D.N.J. June 30, 2008), adopted by, 2008 U.S. Dist. LEXIS 53728 (D.N.J. July 14, 2008).  The unanimity of this authority within the Third Circuit counsels against the conclusion that Breuer effectively overruled ErieNet.[6]

---

[6] The Seventh Circuit in Brill asserts that ErieNet "can not be reconciled with either" Breuer or Grable.  However, the Seventh Circuit did not explain ErieNet's inconsistency with Grable, and this Court does not agree that Grable significantly undermines the Third Circuit's reasoning.  Grable held that the absence of a federal cause of action does not foreclose the exercise of federal-question jurisdiction under § 1331.  545 U.S. at 310.  In ErieNet, the Court expressly acknowledged that the TCPA creates a federal cause of action.  156 F.3d at 518.  It nevertheless concluded that the TCPA specifically assigned that cause of action to adjudication in state court, and, therefore, the TCPA

Because <u>ErieNet</u> specifically held that district courts do not have general federal-question jurisdiction to hear claims under the TCPA, and because that holding is not necessarily inconsistent the Supreme Court's rulings in <u>Grable</u> and <u>Breuer</u>, the Court finds that it does not have federal-question jurisdiction over Plaintiff's claims.

### C. Diversity Jurisdiction under the CAFA

Defendants' Supplemental Notice of Removal nevertheless asserts diversity jurisdiction under the CAFA as an alternative basis for removal to this Court.  Plaintiff argues that Defendants are procedurally barred from asserting that basis for jurisdiction because they did not include it in their initial Notice of Removal and their Supplemental Notice of Removal is untimely.  Alternatively, Plaintiff argues that there is no diversity jurisdiction under the CAFA in this case because the "home state" exception to diversity jurisdiction under the CAFA applies.  <u>See</u> 28 U.S.C. § 1332(d)(4).  The Court agrees that Defendants are procedurally barred from asserting diversity-jurisdiction under the CAFA.

 A defendant may remove a case from state court by filing a notice of removal in the appropriate district court as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief up which such action or proceeding is based. . . .
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

---

should be interpreted as foreclosing federal jurisdiction.  <u>Id.</u> at 519.  Thus, <u>Grable</u> does not undermine the Third Circuit's reasoning or holding in <u>ErieNet</u>.

28 U.S.C. § 1446 (b).  Prior to the expiration of the thirty-day period for removal, a defendant may freely amend his notice of removal.  See USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 206 n.13 (3d Cir. 2003).   However, a "defendant's ability to amend the removal petition after the thirty-day time limit for removal . . . extends only to amendments to correct technical defects in the jurisdictional allegations in the notice of removal."  Blakeley v. United Cable Sys., 105 F. Supp. 2d 574, 579 (S.D. Miss. 2000) (internal quotation marks omitted).  "[A]mendments to remedy a 'substantive defect in the [removal] petition,' i.e., to add a new basis for federal jurisdiction, are not permitted."  Id. (collecting cases holding that defendants may not amend their notice of removal to include a new basis for federal jurisdiction after § 1446(b)'s thirty-day period expires); Geismann v. Aestheticare, LLC, 622 F. Supp. 2d 1091, 1095 (D. Kan. 2008) ("Although . . . defendant [can] cure technical defects in a notice of removal, [the statute] does not allow for the addition of a new ground for removal"); see also 14C Charles Alan Wright, et al., Federal Practice & Procedure § 3733, at 649-55 (4th ed. 2009) ("defendants may not add completely new grounds for removal . . .").

Plaintiff requests that the Court not consider Defendants' assertion of diversity jurisdiction under the CAFA because Defendants did not include that basis for removal in their initial Notice of Removal and did not file their Supplemental Notice of Removal within thirty days of receiving the Complaint.  Defendants admit that they filed their Supplemental Notice of Removal more than thirty days after they received the Complaint.  They argue, however, that the face of the Complaint does not establish a basis for diversity jurisdiction under the CAFA. According to Defendants, they did not learn of the basis for diversity jurisdiction until Plaintiff's counsel sent an email to Defendants' counsel suggesting that the putative class included approximately 3,372 members.  Defendants argue that the email provided notice of a new basis

18

for jurisdiction and that, pursuant to the second paragraph of 28 U.S.C. § 1446(b), they had thirty days from receipt of the email to timely assert that basis for removal.

The purpose of § 1446(b)'s thirty-day requirement is to ensure that a defendant to a properly initiated lawsuit removes the case to federal court as soon as he can "ascertain" a basis for federal jurisdiction from the pleadings, motion documents, orders, or "other paper." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 223 (3d Cir. 2005). Thus, if the initial pleading "provided notice of the grounds for federal diversity jurisdiction," the defendant must remove the case within thirty days of being served with the initial pleading. Id. ("the complaint provided notice of the grounds for federal diversity jurisdiction, so the second paragraph of Section 1446(b) does not apply").

In order to determine whether an initial pleading provides notice of a particular basis for federal jurisdiction, courts expect defendants to look beyond the face of the complaint. See LaCaffinie v. Std. Fire Ins. Co., No. 10-207, 2010 U.S. Dist. LEXIS 53151, at *10-11 (W.D. Pa. May 28, 2010); Mielke v. Allstate Ins. Co., 472 F. Supp. 851, 853 (E.D. Mich 1979). "In making this determination, most federal courts will review the facts available to the defendant at the outset of the action." 14C Charles Alan Wright, et al., Federal Practice & Procedure § 3731, at 567 (4th ed. 2009). Indeed, "[w]hen the defendant has vital knowledge the plaintiff may lack," it is appropriate to impose a burden on the defendant to "come forward with the information . . . so that the choice between state and federal court may be made accurately." Brill, 427 F.3d at 447-48. Thus, the time to remove under § 1446(b) begins to run when the circumstances described in the complaint combined with relevant information available to the defendant would demonstrate the basis for federal jurisdiction. Mielke, 472 F. Supp. at 853; LaCaffinie, 2010 U.S. Dist. LEXIS 53151, at *10-11.

19

In <u>LaCaffinie</u>, for example, the plaintiff brought a class action against an insurance company on behalf of a putative class of policy holders.  2010 U.S. Dist. LEXIS 53151, at *1-2. The defendant removed the case based on diversity jurisdiction under the CAFA more than thirty days after the plaintiff served it with the complaint.  <u>Id.</u> at *4-5.  The defendant argued that the removal was nevertheless timely because the face of the complaint did not put it on notice that the putative class would likely exceed 100 members and the amount in controversy would exceed the jurisdictional minimum.  <u>Id.</u>  The defendant argued that the thirty-day requirement began to run only when, in response to a discovery request from the plaintiff, it tabulated the number of its own policies that fit the class definition alleged in the complaint.  <u>Id.</u>  The court rejected the defendant's argument and held that that the time to remove began to run when the plaintiff served the complaint because "[t]he information from which [the] defendant determined the total number of policies and roughly calculated the total amount in controversy was in its possession at the time the complaint was filed, albeit some diligence and effort was required to locate the information."  <u>Id.</u> at *10; <u>see</u> <u>Town of Ogden Dunes v. Siwinski</u>, No. 08-78, 2008 U.S. Dist. LEXIS 32819, at *11 (N.D. Ind. Apr. 17, 2008) (holding that removal was untimely because the defendants "had the information at their disposal to know how many violations were encompassed by the complaint, or at least whether there were enough violations to reach the jurisdictional minimum amount."); <u>Mielke</u>, 572 F. Supp. at 853 (holding that the time for removal begins to run upon service of the complaint if "the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint").

Here, Plaintiff's initial Complaint put Defendants on notice of facts sufficient to demonstrate diversity jurisdiction under the CAFA.  First, the Complaint defines the putative

class as all persons who received facsimile advertisements from Defendants on or after four years prior to the filing of this action.  From this allegation alone, Defendants could have, by reference to their own records, ascertained the approximate size of the putative class and the aggregate amount in controversy.  Second, the Complaint specifically alleges that on February 9, 2007, Defendants sent Plaintiff an unauthorized facsimile advertisement.  (Compl. ¶ 10).  The Complaint attaches a copy of that advertisement.  (Compl. Ex. A).  Plaintiff's expert report shows that the facsimile Defendants sent to Plaintiff on February 9, 2007, was part of a mass distribution that Defendants successfully sent to 3,372 recipients on the same day.  (See Pl's M. for Leave to File Supp. Brief, Ex. A-3).  Had Defendants made even the slightest effort to locate in their records the facsimile attached to the Complaint, they would have ascertained that the specific facsimile at issue was part of a mass distribution implicating thousands of recipients. See Brill, 427 F.3d at 447-48 (discussing diversity jurisdiction under the CAFA for a claim based on violations of the TCPA and concluding that the party seeking removal has the burden to investigate the number of allegedly unauthorized "junk faxes").

The Court rejects Defendants' argument that they had no reason to know that there was a basis for diversity jurisdiction under the CAFA because the Complaint alleges that the putative class consists only of "more than 39" members.  (Compl. ¶ 14).  Plaintiff specifically pleads that the putative class includes "[a]ll persons who . . . on or after four years prior to the filing of this action . . . were sent telephone facsimile" advertisements.  (Compl. ¶ 17) (emphasis added). Thus, the Complaint put Defendants on notice that Plaintiff was suing on behalf of a class that included a minimum of 39 members but nevertheless included "all" recipients of allegedly unauthorized facsimiles for the last four years.  (Id.).  As noted above, if Defendants had simply

checked to see how many facsimile messages they sent on February 9, 2007, they would have discovered that the putative class encompassed thousands of potential members.

Because the Complaint put Defendants on notice of facts sufficient to demonstrate diversity jurisdiction under the CAFA, Defendants were required to assert that basis for removal within thirty-days of service.  See Blow v. Liberty Travel, Inc., 550 F. Supp. 375, 376-77 (E.D. Pa. 1982) (holding that § 1446(b) requires "that a petition for removal be filed within thirty days of the receipt of any initial pleading which does not on its face preclude removal.").  Defendants admit that they were served no later than May 31, 2010.  (Notice of Removal ¶ 4).  Defendants did not assert diversity jurisdiction under the CAFA until more than three months later when they filed their Supplemental Notice of Removal on September 16, 2010.  Thus, Defendants are procedurally barred from asserting diversity jurisdiction as a basis for removal.  See id. at 377 (granting motion to remand solely because assertion of federal jurisdiction was untimely under 28 U.S.C. § 1446(b)).

## IV.    CONCLUSION

Because the Court does not have federal-question jurisdiction over TCPA claims, and because Defendants are procedurally barred from asserting diversity-jurisdiction under the CAFA, the Court remands this matter to the Superior Court of New Jersey for lack of subject-matter jurisdiction.[7]  Defendants' motion to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is denied without prejudice as moot.  An appropriate Order shall enter today.

---

[7] Plaintiff asserts a claim under the TCPA and a claim for common law conversion under state law.  For the reasons discussed above, Plaintiff is procedurally barred from asserting diversity-jurisdiction under the CAFA regarding its state law conversion claim.  Additionally, because the Court does not have jurisdiction over Plaintiff's TCPA claim under § 1331, it also does not have supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a).

Dated:  3/21/2011                                    /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge